UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JACOB PAUL HOFFMAN,<br><br>　　　Plaintiff<br><br>v.<br><br>LYON COUNTY SHERIFF'S OFFICE, et al.,<br><br>　　　Defendants | Case No.: 3:25-cv-00487-MMD-CSD<br><br>**Order**<br><br>Re: ECF Nos. 1, 1-1 |

　　　Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

**I. IFP APPLICATION**

　　　A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

　　　In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

　　　"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application is granted.

## II. SCREENING

### A. Standard

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less

1  stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9

2  (1980) (internal quotation marks and citation omitted).

3        A complaint must contain more than a "formulaic recitation of the elements of a cause of

4  action," it must contain factual allegations sufficient to "raise a right to relief above the

5  speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading

6  must contain something more … than … a statement of facts that merely creates a suspicion [of]

7  a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a

8  plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at

9  570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

10       A dismissal should not be without leave to amend unless it is clear from the face of the

11 complaint that the action is frivolous and could not be amended to state a federal claim, or the

12 district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d

13 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

14 **B. Plaintiff's Complaint**

15       Plaintiff's complaint names the following defendants: Lyon County Sheriff's Office,

16 Deputy Ted Ziganfuss, Sergeant Wayne Hawley, and Detective Nick Baugtte.

17       Plaintiff's complaint asserts claims for violation of his Fourth Amendment right against

18 unreasonable searches and seizures in connection with a traffic stop as well as a claim for

19 conspiracy to violate his Fourth Amendment rights.

20       **1. Lyon County Sheriff's Office**

21       Preliminarily, the Lyon County Sheriff's Office is not a proper defendant to this action. A

22 public agency is not a person or entity subject to suit unless that agency is a separate legal entity.

23 *Hervey v. Estes*, 65 F.3d 784, 791-92 (9th Cir. 1995). Applying Federal Rule of Civil Procedure

17(b)[1], the Ninth Circuit has held that state law determines the issue of whether a department of a municipality may sue or be sued. *See e.g. Streit v. County of Los Angeles*, 236 F.3d 552, 565 (9th Cir. 2001).

In Nevada, each county (or incorporated city or town within the county) is a political subdivision of the state and an independent legal entity, which means it can sue or be sued. *See Clark County v. Lewis*, 88 Nev. 254, 498 P.2d 363, 365 (Nev. 1972); Nevada Revised Statute (NRS) 280.080; NRS 41.0305. A department of a county, city or town, however, "may not, in the department name, sue or be sued" without statutory authorization. *See Wayment v. Holmes*, 912 P.2d 816, 819, 112 Nev. 232, 238 (Nev. 1996) (concluding that the "Washoe County District Attorney's office is not a suable entity because it is a department of Washoe County, not a political subdivision" and noting the State had not waived immunity on behalf of its departments of political subdivisions so the District Attorney's Office had not been conferred the power to sue or be sued) (citing Nev. Rev. Stat. (NRS) 41.031); *see also Wright v. City of Las Vegas,* 395 F.Supp.2d 789, 794 (S.D. Iowa 2005); *Schneider v. Elko County Sheriff's Dep't*, 17 F.Supp.2d 1162, 1165 (D. Nev. 1998) (finding that Elko County Sheriff's Department lacked capacity to be sued).

If a plaintiff improperly names a city or county department that lacks capacity to be sued, as Plaintiff has done here, the court may order the proper party (generally the county or city) be substituted into the case. *Melendres v. Arpaio*, 784 F.3d 1254 (9th Cir. 2015).

While Lyon County might be a proper defendant, municipalities may be only be liable for the infringement of constitutional rights under certain circumstances. *Monell v. Dep't of Soc.*

---

[1] Rule 17(b) states that capacity to sue or be sued (other than for an individual or corporation) is determined by the law of the state where the court is located. Fed. R. Civ. P. 17(b)(3).

4

*Servs.*, 436 U.S. 658, 690-95 (1978). "[M]unicipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019). A municipality may not, however, be sued under a *respondeat superior* theory because it employed an alleged wrongdoer. *Id*. at 603. "A plaintiff must therefore show *deliberate* action attributable to the municipality [that] directly caused a deprivation of federal rights." *Id*. (citation and quotation marks omitted, emphasis original).

"To impose liability on a municipality under Section 1983, a plaintiff must prove: "(1) [the plaintiff] had a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to [the plaintiff's] constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. County of Orange,* 6 F.4th 961, 973 (9th Cir. 2021) (*Gordon II*) (internal quotation marks and citation omitted).

For these reasons, the Lyon County Sheriff's Office will be dismissed, but Plaintiff will be given leave to amend to attempt to assert a claim against a proper defendant—Lyon County. Plaintiff is reminded that he must include sufficient factual allegations to plausibly suggest liability on the part of Lyon County in line with *Monell*, as discussed above. Again, Lyon County may not be named as a defendant simply because it employed the officers that Plaintiff alleges violated his rights.

**2. Fourth Amendment Unreasonable Search and Seizure**

The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. amend IV.

Plaintiff alleges that the three Lyon County officers violated the Fourth Amendment in conducting a stop that he claims was pretextual and conspiratorial in nature. The page of the complaint containing the factual allegations, however, appears to be missing. (*See* ECF No. 1-1 at 4.)

To obtain relief pursuant to section 1983, a plaintiff must establish a "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

To adequately plead the section 1983 elements, a complaint must identify what constitutional right each defendant violated, and provide sufficient facts to plausibly support each violation. *See e.g., Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (noting defendants must personally participate in misconduct to be liable under section 1983); *see also Hines v. Yousef*, 914 F.3d 1218, 1228 (9th Cir. 2019) (defendant must have "personally played a role in violating the Constitution.").

The complaint is missing the facts that allege what each defendant did to violate his Fourth Amendment rights. Therefore, the Fourth Amendment claim against the individual officers will be dismissed, but with leave to amend to submit an amended complaint containing the necessary factual allegations to state a Fourth Amendment claim.

**3. Conspiracy**

To prevail on a claim for conspiracy to violate one's constitutional rights under 42 U.S.C. § 1983, the plaintiff must show specific facts to support the existence of the claimed conspiracy. *Karim-Panahi* v. *Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988). The elements of a conspiracy claim brought under section 1983 are: (1) an agreement or meeting of the minds to

violate constitutional rights, and (2) an actual deprivation of those rights resulting from the alleged conspiracy. *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002); *see also Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Franklin*, 312 F.3d at 441 (internal quotation marks and citation omitted).

Plaintiff must do more than conclude there was a conspiracy without alleging *facts* that plausibly suggest a conspiracy to violate his constitutional rights. Therefore, Plaintiff's conspiracy claim will be dismissed with leave to amend.

### III. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**.

(2) The Clerk shall **FILE** the Complaint (ECF No. 1-1).

(3) The Complaint is **DISMISSED WITH LEAVE TO AMEND** as set forth above.

(4) Plaintiff has **30 DAYS** from the date of this Order to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as "AMENDED COMPLAINT." If Plaintiff fails to file an amended complaint within the 30 days, the action may be dismissed.

**IT IS SO ORDERED**.

Dated: September 19, 2025

_____
Craig S. Denney
United States Magistrate Judge